UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

**IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006**

**RELATING TO:**

| | |
|---|---|
| *Adams, et al. v. Comair* | 5:07-CV-339-KSF |
| *Anderson, et al. v. Comair* | 5:07-CV-270-KSF |
| *Byrd, et al. v. Comair* | 5:06-CV-371-KSF |
| *Combs v. Comair* | 5:07-CV-312-KSF |
| *Cone, et al. v. Comair* | 5:07-CV-015-KSF |
| *Curry v. Comair* | 5:07-CV-313-KSF |
| *Dawson, et al. v. Comair* | 5:07-CV-300-KSF |
| *Fahey v. Comair* | 5:07-CV-126-KSF |
| *First Citizens Bank v. Comair* | 5:07-CV-316-KSF |
| *First Citizens Bank v. Comair* | 5:07-CV-317-KSF |
| *Fortney v. Comair* | 5:07-CV-318-KSF |
| *Frederick v. Comair* | 5:07-CV-319-KSF |
| *Harris v. Comair* | 5:06-CV-292-KSF |
| *Hebert, et al. v. Comair* | 5:07-CV-320-KSF |
| *Hooker, et al. v. Comair* | 5:07-CV-321-KSF |
| *Hunt v. Comair* | 5:06-CV-400-KSF |
| *Lykins, et al. v. Comair* | 5:07-CV-306-KSF |
| *Mallory, et al. v. Comair* | 5:07-CV-124-KSF |
| *McKee, et al. v. Comair* | 5:07-CV-322-KSF |
| *Moscoe v. Comair* | 5:07-CV-331-KSF |
| *Parsley, et al. v. Comair* | 5:07-CV-323-KSF |
| *Theodore, et al. v. Comair* | 5:07-CV-315-KSF |
| *Thomason, et al. v. Comair* | 5:07-CV-324-KSF |
| *Threet, et al. v. Comair* | 5:07-CV-315-KSF |
| *Towles v. Comair* | 5:06-CV-429-KSF |
| *Trimble v. Comair* | 5:07-CV-325-KSF |
| *Turner, et al. v. Comair* | 5:07-CV-326-KSF |
| *Washington v. Comair* | 5:06-CV-385-KSF |
| *Winters v. Comair* | 5:07-CV-127-KSF |

**OPINION AND ORDER**

This matter is before the Court on the motion of the United States to file counterclaims against Comair, Inc., in the above cases. [DE 2239]. The matter having been fully briefed, it is ripe for consideration.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 2007, Comair filed third-party complaints against the United States claiming entitlement to apportionment and/or contribution for the alleged negligence of the FAA. In February 2008, the Plaintiffs filed new complaints or amended their complaints against Comair to allege negligence by the FAA. Comair cross-claimed for indemnity against the United States. *See e.g.,* DE 1711, 1744. The United States has now moved to file counterclaims against Comair, Inc. for indemnity.

Comair responded that the counterclaims are untimely under the Case Management Order ("CMO") that required amended pleadings by August 27, 2007 and under the Civil Rules; that they would be prejudicial to Comair; and that they are futile in light of the Plaintiffs' claims of active negligence against the FAA. Comair particularly argues that the United States has provided no explanation for its lengthy delay in seeking to file the counterclaims. It also claims it will be prejudiced because the "theory of indemnity was not at issue when Comair and all other parties engaged in extensive fact discovery and prosecuted their respective cases." [DE 2339, p. 6].

The United States replied that leave to amend should be granted unless there is a finding of "substantial prejudice." [DE 2434, p. 4]. It said the August 27, 2007 deadline in the CMO is meaningless when the United States did not become a third-party defendant until after that date. It argues that Comair's claim that indemnity was not at issue during discovery "pushes the edges of credulity" in light of Comair's cross claims for indemnity against the United States. *Id.* at 5. Moreover, it notes that no additional discovery will be necessary, nor has Comair articulated any need for further discovery. Instead, the same facts will be viewed through an alternative legal prism. Next, the United States argues that judicial economy favors granting the motion since the alternative is re-litigating the contingent indemnity claim in a subsequent proceeding. *Id.* at 6. The counterclaim is not mature until payment by the United States is made, is not compulsory, and could be brought at a later time. It argues that judicial economy is furthered by resolution of all

claims on the merits in a single proceeding. Finally, the United States contends the amendment is not futile since the counterclaim states a valid claim under Kentucky law. The Plaintiffs allege that the United States failed to detect and prevent the crews' action of attempting to take off from the wrong runway, which the United States says falls squarely within the concept of indemnity under Kentucky law.

## II.    ANALYSIS

Courts have interpreted both Rule 13(f) and Rule 15(a) liberally to grant leave freely. *Silvers v. TTC Indus., Inc.,* 484 F.2d 194, 198 (6th Cir. 1973) ("Generally, courts have been liberal in granting such assertions of counterclaims under this rule [Rule 13(f)]"); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings'" (*quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). "Courts appear particularly hesitant to deny amendment, even at late stages in the proceedings, when the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated." *Budd Co. v. Travelers Indemnity Co.*, 820 F.2d 787, 792 (6th Cir. 1987). "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment of a pleading." *Moore*, 790 F.2d at 561.

In *Tefft*, the plaintiff waited four years, including an intervening appeal, before seeking to amend his complaint to allege a constitutional tort against a police officer, rather than assault and battery. The district court denied the request to amend and granted summary judgment for the defense. The Sixth Circuit reversed.

> The amended cause of action is not so different as to cause prejudice to the defendants, nor do we find the delay particularly "undue" considering the course of this case through a prior appeal to this Court. Therefore, we hold that dismissal of the suit based upon the original complaint was an abuse of discretion and remand

3

>with instructions to allow plaintiff to amend his complaint to assert a constitutional tort. We believe this case should be tried on its merits and not dismissed on technical grounds....

*Id.* at 639-40.

In *Budd*, an insurer sought to file a counterclaim for overpayment of attorney fees after the district court had issued its opinion on apportionment of the fees. In determining whether to allow an amendment under Rule 13(f), the Sixth Circuit said "the district court must balance 'the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained.'" *Budd*, 820 F.2d at 792 *quoting Barnes Group, Inc. v. C & C Products, Inc.*, 716 F.2d 1023, 1035 n. 35 (4th Cir. 1983). The court held the amendment was properly granted since Budd had notice that the fees were disputed and it would not be prejudiced by allowing the counterclaim. *See also Louisville Trust Co. v. Glenn*, 66 F. Supp. 872, 874 (W.D. Ky. 1946) (set off counterclaim allowed after trial when justice requires disposing of the whole matter in one action).

In the present case, the United States' counterclaims for indemnity do not involve any additional discovery. The relative negligence of Comair and the United States has been at issue and the subject of discovery at least since February 21, 2007 when Comair filed its Complaint alleging negligence of the United States. [Case No. 5:07-58, DE 1]. Comair also crossclaimed for indemnity in the passenger cases. Comair has not identified any further discovery needed nor any prejudice resulting from the amendment. The Sixth Circuit requires "at least some significant showing of prejudice" to defeat a motion to amend. *Moore*, 790 F.2d at 561-62. The amendment will not cause additional strain on the Court's docket. Instead, judicial economy is favored by resolving these issues in a single proceeding. The proposed counterclaim presents a valid claim for indemnity under *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165 (Ky. 1949) and is not futile. Accordingly, the motion to amend should be granted.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that the motion of the United States to file counterclaims [DE 2239] is **GRANTED** and the Clerk is **DIRECTED** to file the counterclaims tendered with the motion.

This June 25, 2008.



Signed By:

*Karl S. Forester* KSF

United States Senior Judge